IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH

| | |
|---|---|
| MEDARDO VALENZUELA VALDEZ,<br><br>Petitioner,<br><br>v.<br><br>BOARD OF IMMIGRATION AND CUSTOMS ENFORCEMENT,[1]<br><br>Respondent. | **MEMORANDUM DECISION AND ORDER DENYING PETITIONER'S PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**<br><br>Case No. 1:22-cv-00040-JNP<br><br>District Judge Jill N. Parrish |

Petitioner Medardo Valenzuela Valdez ("Mr. Valdez") is a prisoner in custody of the federal Bureau of Prisons and is currently incarcerated at Oakdale Federal Detention Center. Mr. Valdez has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging an immigration detainer filed against him by U.S. Immigration and Customs Enforcement ("ICE"). For the following reasons, the court DENIES Mr. Valdez's petition and DISMISSES this action.

A jury convicted Mr. Valdez on two counts: (1) conspiracy to distribute methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 846 and (2) possession with intent to distribute methamphetamine in violation of 21 U.S.C. § 841(a)(1). *See United States v. Valenzuela*, 484 F. App'x 243, 244-45 (10th Cir. 2012) (unpublished). On August 9, 2012, ICE lodged a detainer

---

[1] The Board of Immigration and Customs Enforcement does not exist. The court assumes that Valdez intended to name U.S. Immigration and Customs Enforcement ("ICE"), which was formerly known as the Bureau of Immigration and Customs Enforcement and is the agency that lodged the detainer at issue here.

against Mr. Valdez pending an investigation for removal. Mr. Valdez requests that the court remove the detainer against him because, he claims, his underlying offenses do not qualify as removable offenses.

Mr. Valdez's petition focuses on the merits of his application. But the court must begin with the question of jurisdiction. 28 U.S.C. § 2241(c)(3) limits relief to prisoners who are "in custody in violation of the Constitution or laws or treaties of the United States." Therefore, in order for the court to exercise jurisdiction to evaluate Mr. Valdez's challenge to his ICE detainer under 28 U.S.C. § 2241, Mr. Valdez must be in custody for the purposes of the ICE detainer. *See, e.g.*, *Galaviz-Medina v. Wooten*, 27 F.3d 487, 492-93 (10th Cir. 1994) ("To meet the preliminary jurisdictional requirements, we must determine first, whether [petitioner] is in custody and second, whether he is in custody because of an order of deportation.").

Mr. Valdez is undoubtably in custody. But he is not in ICE custody. Mr. Valdez does not assert, or provide any evidence, that immigration officials have taken any action with respect to his immigration status other than to issue a detainer. But a detainer is nothing more than a request that prison authorities notify ICE prior to the individual's release. *Nasious v. Two Unknown B.I.C.E. Agents*, 366 F. App'x 894, 896 (10th Cir. 2010) (unpublished). In other words, a detainer "serves only as a notice to federal prison authorities that [ICE] is going to be making a decision about the deportability of the [noncitizen] in the future." *Galaviz-Medina*, 27 F.3d at 493. Accordingly, "the detainer does not serve to establish conclusively either present or future restraints on [petitioner's] liberty." *Id.* At bottom, then, the fact that ICE has issued a detainer is not sufficient by itself to satisfy the custody requirement. *Id.*

Indeed, in order to allege that he is "in custody" for purposes of challenging his ICE detainer under § 2241, Mr. Valdez would need to allege that he is subject to a final order of

deportation. *Id.* And even if Mr. Valdez could show that he is subject to a final order of deportation, the REAL ID Act divested federal district courts of jurisdiction over § 2241 challenges to such orders. The sole means of judicial review of a final order of deportation would be a petition for review filed with the proper court of appeals. *See Cabrera v. Trammell*, 488 F. App'x 294, 295-96 (10th Cir. 2012) (unpublished). Accordingly, if and when Mr. Valdez becomes subject to a final order of deportation, he must file any challenge to that order in the proper appellate court, not in a United States District Court.

The court recognizes that Mr. Valdez may consider it odd for the court to find that he is not "in custody" despite his status as a federal prisoner. Nevertheless, the court reiterates that because Mr. Valdez is in custody for the purpose of serving his criminal sentence, rather than due to the ICE detainer, he cannot use 28 U.S.C. § 2241 to challenge the ICE detainer.

Because Mr. Valdez has failed to demonstrate that he is in ICE custody, this court does not have jurisdiction over his petition and the instant action will be dismissed.

## CONCLUSION AND ORDER

Accordingly, the court DENIES Mr. Valdez's habeas corpus application and DISMISSES this case.

DATED April 19, 2022.

BY THE COURT

_____
Jill N. Parrish
United States District Court Judge